IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2009

Charles R. Fulbruge III
Clerk

No. 07-41217
c/w No. 07-41237
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LUIS ARIEL AGUILAR

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-125-ALL
USDC No. 5:07-CR-832-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Luis Ariel Aguilar was convicted by a jury of two counts of transporting illegal aliens for private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i), and he was sentenced to concurrent 57-month terms of imprisonment on each count, to be followed by concurrent three-year terms of supervised release. Aguilar timely appealed the judgment of the district court. Because of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his conviction on these charges, the district court also revoked Aguilar's supervised release related to a 2004 conviction of transportation of an unlawful alien. Aguilar gave timely notice of his appeal from that order as well, and the two appeals have been consolidated.

During Aguilar's jury trial, Government witnesses testified regarding Aguilar's prior arrests for alien smuggling and Aguilar's prior conviction for transporting illegal aliens. In addition, Aguilar was cross-examined regarding a prior arrest. Aguilar contends that the district court reversibly erred in admitting this testimony. He contends that the extrinsic conduct had "no probative value" because other testimony by Government witnesses was sufficient to show that he had a plan to circumvent the border patrol checkpoint. Aguilar also contends that his prior bad acts were prejudicial because they were criminal in nature and because the district court allowed the Government to introduce cumulative evidence of multiple previous incidents.

The admission of evidence under FED. R. EVID. 404(b) is reviewed under a heightened abuse-of-discretion standard. United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995). To be admissible under Rule 404(b), extrinsic offense evidence (1) must be "relevant to an issue other than the defendant's character" and (2) "must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [FED. R. EVID.] 403." United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). Because Aguilar's plea of not guilty placed his intent at issue for purposes of Rule 404(b), see United States v. Pompa, 434 F.3d 800, 805 (5th Cir. 2005), his claim turns on whether the probative value of the evidence is substantially outweighed by its undue prejudice.

Aguilar's prior conviction and arrests were probative because they were similar to the charged offense; indeed, the circumstances of his prior arrest on May 14, 2007, involved the same maroon Suburban along the same I-35 corridor

as the instant offense conduct. See Beechum, 582 F.2d at 915. In addition, the extrinsic evidence was not of a "heinous nature" such that it would "incite the jury to irrational decision by its force on human emotion." Id. at 917. Aguilar's prior conviction and 33-month prison term for transporting illegal aliens lessened the likelihood of the jury desiring to punish Aguilar for his prior offenses. See id. There is no reason to believe that the admission of the extrinsic evidence was "likely to confuse the issues, mislead the jury, cause undue delay, or waste time." Id. Aguilar does not dispute that the prejudicial effect of admitting the extrinsic evidence was mitigated by the district court's limiting instructions; nor does he contend that the instructions were otherwise inadequate. See United States v. White, 972, F.2d 590, 599 (5th Cir. 1992). Thus, Aguilar has not shown that the district court abused its discretion in admitting the evidence. See Beechum, 582 F.2d at 914, 917 & n.23.

Aguilar contends that, in the event that his conviction is vacated, the court should also vacate the district court's order revoking his supervised release. Because we have determined that the instant conviction should be affirmed, it follows that the district court's order revoking Aguilar's supervised release should also be affirmed. See United States v. Grandlund, 71 F.3d 507, 509 (5th Cir. 1995).

AFFIRMED.